Dear Mr. Burton:
You have requested our office to issue an opinion as to whether the Beauregard Parish School Board Policy No. BCBI at No. 8 which provides for public participation at the Beauregard Parish School Board meetings, but prohibits a speaker from making "charges or complaints against individual employees or Board members" is a violation of an individual's constitutional right to freedom of speech.
Specifically, policy No. BCBI, at No. 8 provides the following:
 "Speakers may offer objective criticism of Board Policy, administrative procedures and programs: but the Board will not hear charges or complaints against individual employees or Board members. All such charges and complaints should be presented to the Superintendent and Board in writing, signed by the complainant. The President will immediately terminate the remarks of any speaker who does not adhere to this guideline."
The U.S. Constitution, First Amendment provides:
 "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for redress of grievances."
The Louisiana Constitution (1974) Article 1, Section 7 provides:
 "No law shall curtail or restrain the freedom of speech or of the press. Every person may speak, write, and publish his sentiments on any subject, but is responsible for abuse of that freedom.
Since the Beauregard Parish School Board elected to allow public participation at it's meetings, the meetings then become a public forum as you have indicated to the board. An individual's constitutional right to freedom of speech then attaches.
"School facilities may be deemed to be public forums only if school authorities have `by policy or by practice' opened those facilities for indiscriminate use by the general public." Hazelwood School District v. Kuhlemier, 484 U.S. 260,108 S.Ct. 562, 98 L.Ed.2d 592 (1988) citing Hague v. CIO, 307 U.S. 496,59 S.Ct. 954, 83 L.Ed. 1423 (1939).
The first amendment, however does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired. Godwin 408 So.2d 1214 (La. 1982) citing Heffron v. International Society for Krishna Consciousness,452 U.S. 640, 101 S.Ct. 2559, 69 L.Ed.2d 298 (1981).
The United States Supreme Court in Heffron, Supra,101 S.Ct. at 2564 stated:
 "We have often approved restrictions of that kind provided that they are justified without reference to the content of the regulated speech, that they serve a significant governmental interest and that in doing so they leave open ample alternative channels for communication of the information.
Restrictions such as valid time, place, and manner have been upheld as long as the restrictions are not based upon either the content or subject matter of the speech, Godwin, supra, citing Heffron, Supra.
In Godwin v. East Baton Rouge Parish School Board, supra, plaintiff brought an action against the school board seeking to enjoin the board from enforcing a school board rule prohibiting persons from carrying hand-held signs into it's meeting. The Supreme Court held that prohibiting persons from carrying hand-held signs did not limit the content of the speech due to the fact that there are ample alternative channels for communicating one's view. Specifically, plaintiff could request to be placed on the agenda at the school board meeting and express his or her views orally for a period of up to five minutes. Additionally, the court held that the prohibition of hand-held signs served a governmental purpose due to the fact that the demand for decorum is much more compelling in the context of a school board meeting.
However, in the present case, the policy enacted by the school board directly limits an individual's content of speech. An individual is permitted to speak for up to three minutes, but the speech shall not include charges or complaints against individual employees or Board members. Although grievance procedures are provided for in school board policy No. KN, the Board is only required to hear "citizen complaints when they cannot be resolved by the administration." Therefore, the present grievance procedures do not provide an ample alternative channel for communication of information.
As set forth in Valdes v. Diaz, 552 So.2d 1372 (5th Cir. 1989), "[t]he First Amendment protects all ideas having the slightest redeeming social importance, even those ideas which may be considered by some as unorthodox, controversial, or even hateful to the prevailing climate of opinion."
It is the opinion of this office that the policy presently in effect infringes on an individual's right to freedom of speech, as set forth in the U.S. Constitution, First Amendment and the La. Constitution, Article 1, Section 7. If, I can be of further assistance, please contact me.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pb 0064p